

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. S. Murchison
Executive Director
State Department of Public Welfare
Austin, Texas

Dear Sir:

Opinion No. 0-3882
Re: (1) May the State Department of Public Welfare make assistance grants to those entitled to receive either old age assistance, aid to the needy blind, or aid for dependent children, where said individual is entitled to benefits in his or her own rights and also stands in the position of "responsible relative", as designated in House Bill No. 611, Acts 47th Legislature, Regular Session?
(2) May the State Department of Public Welfare make grants of public assistance to a person otherwise eligible, who is "a ward of the State" but not an "inmate of a public institution"?

Your recent request for an opinion from this Department has been received and considered. We quote from your request:

"House Bill No. 611, Forty-seventh Legislature, charges the Department of Public Welfare with the duty and responsibility of administering Old-age Assistance, Aid to the Needy Blind and Aid to Dependent Children.

"With reference to Aid to Dependent Children, House Bill No. 611, Section 17, Subsection 5, designates the responsible relative who may receive this aid for the use and benefit of dependent and neglected children.

Honorable J. S. Murchison, Page 2

"In many instances these dependent children will be living with a 'designated relative' who is also a recipient of Old-age Assistance or Aid to the Needy Blind.

"In other instances we find that persons who are otherwise eligible and in need of public assistance under one of the three classifications above enumerated are 'wards of the State', that is, parolees from State penal institutions; parolees from State Hospitals, having previously been adjudged N. C. M.'s; or parolees from the State Juvenile Training School, or adjudged dependent and neglected children and committed to the State Home for Dependent and Neglected Children or paroled to the custody of an individual but still under supervision of the Court; also, persons adjudged to be of unsound mind and permitted to remain in the homes of relatives or friends prior to committment to the State Hospital.

"In view of the provision of Section 39 of House Bill No. 611, which states in part as follows:

"'No provision of this Act is intended to release the counties and municipalities in this State from the specific responsibility which is currently borne by those counties and municipalities in support of public welfare, child welfare, and relief services.'

"May the State Department of Public Welfare make assistance grants of more than one category or classification to an individual where said individual is entitled to benefits in his own right and also stands in the position of 'responsible relative' as designated in House Bill No. 611?

"May the State Department of Public Welfare make grants of public assistance to a person otherwise eligible who is 'a ward of the State' but not an 'inmate of a public institution'?

". . . ."

Honorable J. S. Murchison, Page 3

Section 51b of Article III of our Constitution provides, with reference to old age assistance:

"The Legislature shall have the power by general laws to provide, under such limitations and restrictions and regulations as may be deemed by the Legislature expedient, for old-age assistance and for the payment of same not to exceed Fifteen Dollars ($15) per month each to actual bona fide citizens of Texas who are over the age of sixty-five (65) years; provided that no habitual criminal, and no habitual drunkard while such habitual drunkard, and no inmate of any State supported institution, while such inmate, shall be eligible for such old-age assistance; provided further that the requirements for length of time of actual residence in Texas shall never be less than five (5) years during the nine (9) years immediately preceding the application for old-age assistance and continuously for one (1) year immediately preceding such application

"The Legislature shall have the authority to accept from the Government of the United States such financial aid for old-age assistance as that Government may offer not inconsistent with the restrictions hereinbefore provided."

Section 51c of Article III of the Texas Constitution, with reference to aid to the needy blind, provides:

"The Legislature shall have the power by General Laws to provide, under such limitations and regulations and restrictions as may by the Legislature be deemed expedient, for assistance to the needy blind over the age of twenty-one (21) years, and for the payment of same not to exceed Fifteen Dollars ($15) per month per person; such assistance or aid to be granted only to actual bona fide citizens of Texas; provided that no habitual criminal and no habitual drunkard and no inmate of any State supported institution, while such inmate, shall be eligible for such assistance to the needy blind over the age of twenty-one (21) years; provided, further, that the requirements for the length of time of actual

residence in Texas shall never be less than five
(5) years during the nine (9) years immediately
preceding the application for assistance to the
needy blind over the age of twenty-one (21) years;
and continuously for one year immediately preced-
ing such application.

"The Legislature shall have the authority to
accept from the Government of the United States
such financial aid for assistance to the needy
blind as that Government may offer not inconsis-
tent with the restrictions hereinabove provided."

Section 51d of Article III of the Texas Constitu-
tion, providing for aid for destitute or dependent children,
provides:

"Subject to the limitations and restrictions
herein contained, and such other limitations, re-
strictions, and regulations as may be provided
by law, the Legislature shall have the power to
provide for assistance to destitute children un-
der the age of fourteen (14) years; such assist-
ance shall not exceed Eight Dollars ($8) per month
for one child nor more than Twelve Dollars ($12)
per month for such children of any one family;
provided that the amount to be expended for such
assistance out of state funds shall never exceed
the sum of One Million, Five Hundred Thousand Dol-
lars ($1,500,000) per year. The Legislature may
impose residential restrictions and such other re-
strictions, limitations, and regulations as to it
may seem expedient.

"The Legislature shall have the authority to
accept from the Government of the United States
such financial assistance to destitute children
as that Government may offer not inconsistent
with the restrictions herein above provided."

The 47th Legislature, Regular Session, enacted the
"Public Welfare Act of 1941" in House Bill 611, and which ap-
pears to be a complete act governing the administration of
assistance to the needy blind, the needy aged and to desti-
tute or dependent children.

Honorable J. S. Murchison, Page 5

Subsection 4 of Section 20 of said welfare act, supra, provides that one of the requirements to receive old age assistance is that the applicant is not a person ". . . who is not at the time of receiving assistance an inmate of a public institution." (Underscoring ours).

Subsection 4 of Section 12 of the same act, pertaining to aid to the blind, provides that in order to be entitled to said aid the applicant must be a person who ". . . is not at the time of receiving such aid an inmate of any public institution." (Underscoring ours). It will be noticed that no such requirement appears in Article III, Section 51d, supra, of the Texas Constitution, nor does any such requirement, with reference to the requirements for aid to a dependent child, found in Section 17 of the Public Welfare Act of 1941, which section of said act deals with aid to dependent children. From these preliminary observations we proceed to discuss your first question.

The use of the words "responsible relatives" in your first question, evidently means those relatives referred to in Subsection 5 of Section 17, which reads:

". . . who is living with his father, mother, grandfather, grandmother, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle or aunt, in a place of residence maintained by one or more of such relatives as his or their own home: . . ."

We do not find any restriction in either the applicable constitutional provisions nor the Public Welfare Act of 1941, prohibiting any "responsible relative", as indicated and named above, from receiving aid for and on behalf of a dependent child, as contemplated in the Constitution and the Public Welfare Act of 1941, because such "responsible relative" happens to be receiving, in his own right, either old age assistance, or aid to the blind. Your first question is therefore, accordingly, answered in the affirmative.

In order to properly answer your second question, we must first determine what is meant by the word "inmate" of a public institution, as used in Article III, Section 51b of the Texas Constitution, as well as in Section 51d thereof, and as that word is used in the Texas Public Welfare Act of 1941.

In Bouvier's Law Dictionary, Rawle's Third Edition, this definition of the word "inmate" is given:

"One who dwells in a part of another's house, the latter dwelling at the same time in the said house."

In Webster's New International Dictionary, Second Edition, the word "inmate" is given the following meaning:

"(1) One who lives in the same house or apartment with another; formerly, specifically, one hiring lodging in another's house; a lodger; hence, an alien or stranger. (2) One of a family or community occupying a single dwelling or home; as, the inmates of a private house; an inmate of a convent; now, specially, one confined or kept in an institution such as an asylum, prison, or poor house. (3) An indweller; inhabitant."

Upon a careful consideration of the constitutional provisions, heretofore referred to in this opinion, as well as the provisions of the Public Welfare Act of 1941, it is clear that the assistance therein provided for and made available is designed to cover instances where aid should properly be granted to either an aged person, a blind person or a dependent child, who is not otherwise receiving adequate and sufficient income, care and treatment compatible with health and decency so long as such aid is in compliance with the Constitution and said Welfare Act. We think it is clear that the Legislature, by reason of the enactment of Section 39 of the Public Welfare Act of 1941, as well as the general purpose clause expressed in Section 35 of said Act, intended that neither an aged person nor a needy blind person should receive assistance under said Welfare Act if said aged person or needy blind person was actually an inmate in a public institution, being actually confined therein, or at least receiving support, care and maintenance, from either the State of Texas or a county or a city institution supported by public funds. However, we are of the opinion that if said aged person or a needy blind person is in fact a ward of the State, that is, for example, parolees from a State penal institution; parolees from State hospitals, having previously been adjudged non compos mentis; or persons adjudged to be of unsound mind and permitted to remain in the homes of relatives or friends prior to commitment to the State Hospital, and do not actually receive assistance, care and maintenance from

Honorable J. S. Murchison, Page 7

the State such persons are not, for that reason, alone, pre-
cluded from being eligible to receive either old age assist-
ance or aid for the needy blind provided they are able to
meet the requirements under the Public Welfare Act of 1941.
We have already discussed the fact that neither the consti-
tutional provision, pertaining to aid for dependent children,
nor that part of the Public Welfare Act of 1941 pertaining
to dependent children, preclude a dependent child, who meets
the requirements of the Texas Public Welfare Act of 1941
from being potentially eligible to receive aid under said
act, even if such dependent child were, in fact, an inmate
of a State institution. However, we are of the opinion,
that the Legislature in the enactment of the Public Welfare
Act of 1941, pursuant to the constitutional authorization,
did not intend for a dependent child to actually receive
care, maintenance and support by and through and from a State
institution and at the same time receive aid as a dependent
child under the provisions of said Welfare Act. We are also
of the opinion that the Public Welfare Act of 1941 was not
intended to require the granting of aid to a dependent child
who is being cared for adequately by a county or city insti-
tution supported by public funds of which institution said
child is a ward and committed. In other words, the Public
Welfare Act of 1941 makes available aid for children who are
actually dependent and are not being actually cared for and
which should be cared for by the State in accordance with
the rules and regulations of the Texas Public Welfare Act
of 1941.

      We trust that in this manner we have fully answered
your inquiries.

                              Yours very truly

APPROVED OCT 10 1941          ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL       By

                                Harold McCracken
                                Assistant

HM:mp



APPROVED
OPINION
COMMITTEE
BY [signature]
CHAIRMAN